JOURNAL ENTRY and OPINION.
{¶ 1} This case is an appeal from the denial of plaintiff-appellant's objections to the magistrate's decision. For the reasons set forth, we find that appellant's assignments of error are without merit and the decision of the trial court is affirmed.
 I. {¶ 2} Plaintiff-appellant, Herbert C. Kessler III, and defendant-appellee, Laura Warner, were granted a dissolution of marriage on May 16, 1994. The appellant was initially designated residential parent and legal custodian of the parties' minor children, Terrance and Charles Kessler. Terrance was emancipated on June 6, 2000, during the pendency of these proceedings.
 {¶ 3} The parties have been involved in extensive litigation for most of the last five years. The matters herein stem from appellant's attempt to modify the allocation of parental rights.
 {¶ 4} This case was assigned to and heard by the magistrate over a period of eleven separate days starting on June 28, 2000 and ending on June 19, 2001. On November 28, 2001, the trial judge recused himself from the case and the case was then reassigned to a visiting judge. The magistrate issued his Findings of Fact on January 24, 2002. The appellant then filed objections on March 12, 2002. The trial court overruled appellant's objections and issued a judgment entry adopting the magistrate's decision on June 13, 2002. Appellant filed this notice of appeal on July 12, 2002.
 II. {¶ 5} Appellant asserts eight assignments of error. The court will address the assignments that relate to the income calculations first and then move on to the other assignments of error. These assignments involving income calculations include the first, third, fourth, and fifth assignments of error.
 {¶ 6} The first assignment of error states that "the trial court abused its discretion in failing to grant a hearing to consider additional evidence that would allow the trial court to correctly calculate and set the appropriate child support order."
 {¶ 7} We begin by noting that the term abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v.Cabral (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218; Martin v. Martin
(1985), 18 Ohio St.3d 292, 294-295, 480 N.E.2d 1112; Blakemore v.Blakemore (1983) 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 559 N.E.2d 1301; Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67, 554 N.E.2d 83; Holcomb. v. Holcomb (1989),44 Ohio St.3d 128, 131, 541 N.E.2d 597.
 {¶ 8} The actions of the trial court in this situation were not unreasonable, arbitrary or unconscionable. This court finds that the trial court acted more than reasonably when it conducted a trial lasting eleven days over a period of twelve months. Furthermore, there is an extensive record of substantial litigation stretching over a period of several years in this case. The magistrate reviewed a great deal of information, evaluated that information and then, after thoughtful consideration, wrote a detailed and informed decision.
 {¶ 9} In addition to conducting a thorough trial, the magistrate conducted an extensive review of the procedural history of the case. He listed and reviewed numerous motions including: motions to modify custody orders, parenting orders, child support orders, motions to show cause, motions to withdraw from representation, interim temporary parenting orders, visitation changes, and agreed judgment entries. After listing and reviewing the motions in his decision, the magistrate then addressed the residential parent issue and the issue of child support.
 {¶ 10} As previously indicated, the appellant in his first assignment of error stated that the trial court erred when it refused to allow a hearing to present additional evidence regarding child support. The magistrate's decision provides additional details regarding the child support issue on page seven. The magistrate detailed his rationale regarding the $7,050.11 child support credit applied to the appellee. The magistrate based this credit of $7,050.11 as if it was already paid in advance on her support obligation. The court found that it was not in the best interest of the child to have money taken away from his primary residence to repay a prior arrearage to a household that has a current support obligation. Therefore, the court concluded that the defendant-appellee receive credit in the amount of $7,050.11. This resulted in an order stating that the defendant-appellee has pre-paid on her child support obligation and should not pay current support until her pre-payment exceeds her current obligation.
 {¶ 11} This court finds that the trial conducted a thorough and accurate review of the record and the evidence presented. This court further concludes that the magistrate was in the best position to assess credibility. After careful review of the magistrate's decision, the parties' motions, and the record, this court finds that the trial court did not abuse its discretion in failing to grant a hearing to consider additional evidence regarding the child support order. The first assignment of error is not well-taken.
 III. {¶ 12} The third assignment of error states that "the trial court erred in the allocation of guardian ad litem fees where the court allocated the sum to be paid by the parties in a proportion equal to the incorrectly calculated child support obligations."
 {¶ 13} On page eight of the magistrate's decision it is stated that the guardian ad litem ("GAL") presented a fee bill in the amount of $8,210.28. The magistrate found the fee bill reasonable and necessary to carry out the GAL's mandate. The magistrate concluded that the parties should contribute to the GAL fee in amounts proportionate to line 16 of the child support computation worksheet. This is based on a proportional pro-rata share derived from the parties' income. The appellant claimed an adjusted annual gross income of $73,500 during the year, while the appellee claimed an adjusted annual income of $10,290, for a combined total of $83,790. The respective pro-rata percentage totals were 87.72% for the appellant and 12.28% for the appellee. The magistrate then used those pro-rata percentages to equitably divide the GAL fee bill of $8,210.28. He assigned $7,257.89 (87.72%) as the appellant's responsibility and $952.39 (12.28%) as the appellee's responsibility.
 {¶ 14} This court finds that the trial court properly reviewed the record and did not abuse its discretion when it allocated the guardian ad litem fees. The third assignment of error is not well-taken.
 IV. {¶ 15} The fourth assignment of error states that "the trial court erred in the allocation of unreimbursed medicals where the court allocated the sum to be paid by the parties in a proportion derived from the incorrectly calculated child support obligation."
 {¶ 16} This court finds that the appellee did provide an accurate picture of the compensation and health benefits that were available to her at the time of trial. Appellee testified on January 29, 2001 as to what she thought she would be earning in 2001. However, the circumstances of appellee's income changed after January 2001.
 {¶ 17} Furthermore, this issue is now moot, as appellee's motion to strike improperly submitted material directly addressed this point and therefore eliminated this assignment of error.
 {¶ 18} The fourth assignment of error is overruled.
 V. {¶ 19} The fifth assignment of error states that "the trial court erred in not ordering appellee to provide health insurance coverage for the minor child because appellee failed to accurately disclose her income and benefits at trial."
 {¶ 20} Appellant was earning considerably more income than appellee at the time and he was therefore deemed responsible for providing health care. The trial court based its decision regarding health care on the parties' income levels at the time. The trial court reviewed income levels properly. Furthermore, the appellee's motion to strike improperly submitted materials further supports the trial court's assignment of health care responsibility to the appellant. The motion to strike further supports the trial court's determination by eliminating the possibility that other income calculations would be used to determine who is to pay for health insurance. The fifth assignment of error is overruled.
 VI. {¶ 21} We now turn our attention to non-economic assignments. The second assignment of error states that "the trial court erred in not having a hearing on whether appellee lied under oath where at hearing and under oath appellee testified to matters that were clearly in conflict with the information provided by appellee under oath in her bankruptcy petition."
 {¶ 22} On January 9, 2003, this court granted the appellee's motion to strike improperly submitted material. In this motion, the appellee stated that she filed a voluntary petition in bankruptcy nearly eight months after the trial ended. The appellee further stated that this court may only consider material submitted to the trial court which formed the basis of the magistrate's decision. This court agreed with the appellee and granted the motion to strike improperly submitted material. This assignment of error is therefore moot.
 {¶ 23} The second assignment of error is overruled.
 VII. {¶ 24} The sixth assignment of error states that "the trial court erred in failing to include a specific and detailed summer visitation schedule."
 {¶ 25} As previously noted, the parenting plan with its standard visitation guidelines and all of the additional agreed judgment entries provides enough detailed information for the parties to conduct proper visitation. Furthermore, the magistrate in this case produced a comprehensive and effective decision with additional visitation clarification.
 {¶ 26} The sixth assignment of error is not well taken.
 VIII. {¶ 27} The seventh assignment of error states that "the trial court erred in failing to continue in force the provision that restricted the parties' attendance at any of the minor child's school functions, and at any event, activity or other function solely to the party in possession of the child at the time."
 {¶ 28} Section L of the parties standard visitation guidelines for non-residential parent details children's activities. This section states:
 {¶ 29} "(S)cheduled periods of visitation shall not be delayed or denied because a child has other scheduled activities (with friends, work, lessons, sports, etc.). It is the responsibility of the parents to discuss activities important to the child in advance, including time, dates, and transportation needs, so that the child is not deprived of activities and maintaining friends. The parent who has the child during the time of scheduled activities is responsible for transportation, attendance and/or other arrangements. If the activities are regularly scheduled, they should be agreed upon in advance and written into the judgment entry or decree. Both parents are encouraged to attend all their child(ren)'s activities."
 {¶ 30} In addition to the standard visitation guidelines, the parties in this case have a detailed parenting plan and have filed numerous amendments regarding visitation. The parties already have extensive guidelines and information regarding visitation. Courts are responsible for setting reasonable guidelines for the parties to utilize and are not able to set and define parameters for every contingency.
 {¶ 31} In addition to the guidelines mentioned above, the appellee has had additional constraints established. Appellee has been found in contempt and ordered to encourage an atmosphere of cooperation between her and appellant. Furthermore, the trial court sentenced appellee to thirty days incarceration for contempt, with a suspended sentence. The suspended sentence was contingent on the appellee purging her contempt by delivering written proof of her efforts to encourage an atmosphere of cooperation between herself and appellant.
 {¶ 32} Based on the contempt citation mentioned above and the extensive guidance provided in the parenting agreement, the parties have enough information and motivation to attend their child's activities in a mature manner. The parties are free to continue to alternate activities based on the prior order that the party with possession of the child attend without the other parent. Similarly, the parties are also free to come up with a mutually agreeable alternative regarding their child's activities. The seventh assignment of error is overruled.
Judgment affirmed.
Anne L. Kilbane, P.J. concurs.
 Colleen Conway Cooney, J., concurs in judgment only.